```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

| | | |
|---|---|---|
| JOHN M. POSEL, | : | NO. 1:09-CV-00149 |
| Plaintiff, | : | |
| v. | : | **OPINION AND ORDER** |
| THE DAYTON POWER & LIGHT, d/b/a STUART STATION, et al., | : | |
| Defendants. | : | |

This matter is before the Court on Defendant Mid-Atlantic Construction's ("Mid-Atlantic") Motion in Limine to Exclude Evidence Related to Zurich American Insurance Company (doc. 149), Plaintiff's Response (doc. 155), and Defendant's Reply (doc. 157); Defendant Mid-Atlantic's Motion in Limine to Exclude Evidence Related to Plaintiff's Alleged Hip and Low Back Injuries (doc. 150), Plaintiff's Response (doc. 156), and Defendant's Reply (doc. 158); and Defendant's Memorandum in Support of It Presenting Evidence of Plaintiff's Settlements With Former Defendants (doc. 151), Plaintiff's Response (doc. 154), and Defendant's Reply (doc. 159). For the reasons indicated herein, the Court DENIES each motion without prejudice to refiling at time of trial.

**I. Background**

This case involves an injured construction worker, John Posel, who brings negligence claims in diversity against Defendant Mid-Atlantic Construction, ("Mid-Atlantic") the general contractor

responsible for installation of doors at the worksite, where a door fell on Plaintiff's right heel (doc. 121). Specifically, Plaintiff alleges Mid-Atlantic was responsible for the unsecured door, in failing to secure it, in allowing it to fall over, in failing to warn workers of the dangers of the door, and in failing to cordon off the area of the door or otherwise guard persons such as Plaintiff from coming to its vicinity (Id.). The Court denied Defendant summary judgment, as well as to other Defendant entities that ultimately all settled with Plaintiff. As it currently stands, only Mid-Atlantic remains as a Defendant in this case, which is set for trial to commence on October 25, 2011.

**II. Defendant's First Motion**

In Defendant's first motion, it seeks to exclude any evidence related to or otherwise referencing payments made by non-party Zurich American Insurance Company either to or on behalf of Plaintiff (doc. 149). In Defendant's view, such evidence is inadmissible under the collateral source rule, Federal Rule of Evidence 403, and it is patently prejudicial (Id.).

In Plaintiff's view, such evidence is not barred under the collateral source rule, because he contends the rule does not apply to plaintiffs, but only to Defendants (doc. 155). Plaintiff further contends that Defendant is not prejudiced by such evidence while he would be substantially prejudiced if not allowed to introduce such evidence (Id.). In Plaintiff's view he should be

allowed to present evidence of Zurich's statutory lien and his legal obligation to reimburse Zurich for payments made to Plaintiff (Id.).

### III.  Defendant's Second Motion

In Defendant's Second Motion, it seeks to exclude evidence related to Plaintiff's Alleged Hip and Low Back Injuries (doc. 150).  Defendant contends Plaintiff has provided it with evidence at the eleventh hour, and that it is prejudiced with the impending trial.

Plaintiff responds that he has no evidence with regard to his low back, but that he has indeed disclosed the hip injury, which was first diagnosed in October 2010, and for which he received surgery in February 2011 (doc. 156).

### IV.  Defendant's Third Motion

Defendant's third motion is styled as a "Memorandum in Support of It Presenting Evidence of Plaintiff's Settlements with Former Defendants," which Plaintiff opposes.  Defendant contends that such evidence is not excluded by Federal Rule of Evidence 408, because such evidence is not offered to prove the validity or amount of a disputed claim (doc. 151).  According to Defendant, it should be allowed to introduce evidence that other Defendants were in the case to show the bias or prejudice of a witnesses, and to impeach witnesses (Id.).  Plaintiff contends that every witness can testify as to work performed by the Defendants who have settled

without any need to reference the fact that Plaintiff settled with those parties (doc. 154). In Plaintiff's view the Court can instruct the jury that it will hear evidence regarding other companies but that the jury should not concern itself with the reasons why those companies are not parties to the case (Id.). Finally, Plaintiff contends evidence of the settlements would be highly prejudicial to his case, as Defendant may very well suggest to the jury that the truly responsible parties have already paid (Id.).

**V. Discussion**

Having reviewed this matter, the Court finds it appropriate to deny each motion. It is customary for this Court to decide liminal motions at the trial rather than in advance, because the issues raised may not arise in the circumstances anticipated by the moving party. The Court prefers to analyze the substance of such evidentiary issues at the time of trial.

However, to assist the parties in their preparation for trial, the Court finds it appropriate to indicate that in its view, there appears to be merit to Plaintiff's position regarding the lien against him by Zurich because the collateral source rule is regarded as a shield for the plaintiff and not a sword for Defendant. Ross v. Nappier, 924 N.E. 2d 916, 929 (Ohio Ct. App. 2009). However, the Court finds that any evidence of settlements by other parties is not relevant to the issue of whether Defendant

is liable, and for what amount.  As such, it would appear that it would be inappropriate to allow any reference to amounts realized in settlement at trial.  The Court contemplates, however, that any damages awarded to Plaintiff by the jury would be reduced by the aggregate amount of the settlements.

Finally, the Court sees no reason why Plaintiff should not be allowed to introduce evidence regarding his alleged hip injury.  Plaintiff has obtained a report by his treating physician, Dr. Edward Snell, that relates his hip injury to the accident at issue in this case.  A jury can evaluate and weigh the credibility of such testimony.  The Court does not find that Defendant is genuinely prejudiced by an "eleventh hour" disclosure of such injury.  However, out of an abundance of caution, the Court finds it appropriate to vacate the October 25, 2011 trial date, so as to permit Defendant to take whatever relevant discovery it seeks regarding the issue of Plaintiff's hip injury.

## VI. Conclusion

Accordingly, for the reasons indicated herein, the Court DENIES each of Defendant's motions (docs. 149, 150, 151) without prejudice to renewing such motions at the time of trial.  The Court further VACATES the October 25, 2011 trial date and RESETS trial to commence on December 6, 2011.

SO ORDERED.

Dated: September 30, 2011        /s/ S. Arthur Spiegel