UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOSEPH M. POSEL,  
    Plaintiff

Case No. 1:09-cv-149  
Litkovitz, M.J.

vs

THE DAYTON POWER & LIGHT  
dba STUART STATION, et al.,  
    Defendants

ORDER

This matter is before the Court on defendant Mid-Atlantic Construction, Inc.'s ("Mid-Atlantic's") motion in limine to exclude "any evidence related to or otherwise referencing payments made by non-party Zurich American Insurance Company ("Zurich") either to or on behalf of Plaintiff John M. Posel" (Doc. 149), plaintiff's memorandum in opposition (Doc. 155), and defendant's reply in support of its motion (Doc. 157).

**I. Background**

In this lawsuit, plaintiff seeks to recover damages for injuries he allegedly sustained as the result of a work site accident. Non-party Zurich paid benefits to plaintiff in the form of medical and lost wage payments pursuant to a workers' compensation claim Zurich administered and covered. Defendant Mid-Atlantic seeks to exclude from trial evidence of the collateral benefits Zurich paid as well as evidence pertaining to Zurich's resulting subrogation lien. Defendant argues that any evidence of workers' compensations benefits paid to or on behalf of plaintiff is inadmissible under Ohio's collateral source statute, Ohio Rev. Code. § 2315.20. Defendant further contends that even if evidence pertaining to the workers' compensation benefits and the subrogation lien were admissible under § 2315.20, the evidence is inadmissible

under Fed. R. Evid. 403 because the probative value of the evidence is substantially outweighed by the danger of unfair prejudice to defendant. Defendant argues there is no evidence that the payments were subject to the same legal standards of review as apply in this lawsuit, so that the jury could be misled or confused by evidence of the lien.

Plaintiff Posel counters that the Ohio collateral source statute does not bar him from introducing evidence of the lien because the statute is designed to protect a plaintiff's interests and does not, by its terms, preclude a plaintiff from introducing collateral source evidence if he wishes to do so. (Doc. 155 at 2-3, citing *Robinson v. Bates*, 857 N.E.2d 1195, 1199 (Ohio 2006)). Plaintiff further argues that defendant will not be prejudiced by the admission of such evidence whereas plaintiff will be substantially prejudiced if he is precluded from introducing evidence of the lien. Plaintiff contends that if evidence of the lien is excluded, the jury will not understand the realities of his situation, which is that he must by law repay those amounts Zurich has paid to him in the form of workers' compensation benefits. Plaintiff contends that such a result would be inconsistent with Ohio case law, which recognizes that the introduction of such evidence is necessary to enable the jury to award an accurate amount of damages to a plaintiff. (*Id.* at 4, citing *Ross v. Nappier*, 924 N.E.2d 916 (Ohio App. 11 Dist. 2009)).

## II. The motion in limine is well-taken.

Whether plaintiff may introduce evidence pertaining to workers' compensation benefits paid by Zurich and the Zurich subrogation lien is not settled under Ohio law. The parties acknowledge that Ohio Rev. Code § 2315.20(A), by its very terms, precludes only a *defendant* from introducing evidence of a collateral source benefit when one of the exceptions enumerated in the statute applies:

2

> In any tort action, the *defendant* may introduce evidence of an amount payable as a benefit to the plaintiff as a result of the damages that result from an injury . . . that is the subject of the claim upon which the action is based, except if the source of collateral benefits has a mandatory self-effectuating federal right of subrogation, a contractual right of subrogation, or a statutory right of subrogation.
> . . .

Ohio Rev. Code § 2315.20(A) (emphasis added).

The statute does not address whether a *plaintiff* is permitted to introduce such evidence. Nor have the parties cited any Ohio Supreme Court cases that address the issue of whether a plaintiff is barred from introducing evidence of collateral source benefits under Ohio law. However, the Ohio Court of Appeals in *Ross v. Nappier*, 924 N.E.2d at 928, determined that § 2315.20 did not prohibit the introduction of collateral source evidence by the plaintiff under the "unusual circumstances" of that case. *Id.* at 923. Notably, the collateral source evidence of workers' compensation benefits paid to the plaintiff "permeate[d]" the trial proceedings in *Ross*. *Id.* The *Ross* court held that because the trial was "saturated with evidence offered by both parties regarding workers' compensation, the trial court should have permitted Ross to introduce evidence regarding subrogation," *Id.* at 924, to "off set the prejudicial effect of the collateral source evidence." *Id.* at 926. The court of appeals reasoned:

> By refusing to admit this evidence, the jury was presented with a partial, incomplete picture. The jury was well aware that Ross received workers' compensation benefits; however, it was not informed of Ross's statutory obligation to repay those amounts. Thus, this incomplete calculus invited prejudicial speculation and confusion and may have led to a reduced award based upon an assumption that Ross had already received the benefit of having certain medical expenses paid by the bureau.

*Id.* at 924.

The decision in *Ross* appears to be premised on the introduction of prohibited collateral

source evidence by both parties and the trial court's subsequent refusal to admit evidence of the bureau's subrogation rights to offset the prejudicial effect of the collateral source evidence. It is unlikely that the court of appeals in *Ross* would have ruled the way it did in the absence of a trial court record permeated with improper collateral source evidence.

Thus, *Ross* does not answer the question of whether a plaintiff may introduce evidence of a collateral source's right of subrogation in the absence of evidence of payments by a collateral source in the first instance. Nonetheless, the Court need not resolve this matter of Ohio law in connection with the motion in limine because the Court finds that the evidence should be excluded under Fed. R. Evid. 403.

Fed. R. Evid. 403 provides:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The trial judge has "very broad" discretion in balancing the probative value of evidence against its potential for unfair prejudice. *U.S. v. Dietz*, 577 F.3d 672, 689 (6th Cir. 2009).

The Court finds that in this case, the probative value of the evidence concerning workers' compensation payments and the Zurich subrogation lien is substantially outweighed by the danger of unfair prejudice and misleading the jury. Plaintiff has not shown that evidence regarding his receipt of workers' compensation benefits and the Zurich subrogation lien has any relevance to the issues of defendant Mid-Atlantic's liability for plaintiff's injuries and the damages plaintiff incurred. Nor has plaintiff shown how he will be prejudiced if such evidence is excluded. If defendant is found liable, plaintiff may recover "the reasonable value of plaintiff's

medical treatment." *Robinson v. Bates*, 857 N.E.2d 1195, 1200 (Ohio 2006). *See also Jaques v. Manton*, 928 N.E.2d 434, 436 (Ohio 2010). The parties may still present evidence as to the amounts of the medical charges billed, the amounts accepted as full payment, and the amounts of the write-offs (the difference between the two amounts). *See Robinson*, 827 N.E.2d at 1199. *See also Manton*, 928 N.E.2d 434; *Schlegel v. Li Chen Song*, 547 F. Supp.2d 792 (N.D. Ohio 2008). The jury simply will not be permitted to learn that the amounts accepted by the providers were paid by a source other than plaintiff. *See Schlegel*, 547 F. Supp.2d at 800. The lack of probative value and the absence of prejudice to plaintiff must be balanced against the danger that the jury will draw unfounded assumptions as to Mid-Atlantic's liability and the damages incurred if the collateral source evidence is admitted, given that the standards governing the payment of workers' compensation benefits differ from those which govern the imposition of tort liability. Plaintiff contends defendant will not be prejudiced by introduction of the lien because defendant can and most likely will present expert testimony that certain expenses and losses after November 2007 were unnecessary and unrelated to the original work accident. Yet, this highlights the danger of unfair prejudice and jury confusion if evidence of the lien is admitted. For example, if evidence of the lien shows that wages and medical expenses were in fact paid by Zurich after November 2007, the jury may infer that the wages and medical expenses were reasonable and necessary by the very fact of their payment by Zurich. Thus, defendant would be unfairly prejudiced by the admission of the collateral source evidence. The Court therefore concludes that the balance of factors weighs in favor of excluding such evidence. The better and fairer course of action in the instant case is to exclude evidence of both collateral source payments and the subrogation lien.

For these reasons, defendant's motion in limine (Doc. 149) is **GRANTED.** The parties are precluded from introducing evidence pertaining to workers' compensation benefits paid to plaintiff or on his behalf as well as evidence regarding Zurich's subrogation lien.

**IT IS SO ORDERED.**

Date: 2/16/2012

Karen L. Litkovitz
United States Magistrate Judge