# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

John M Posel,
    Plaintiffs,

v.

Case No. 1:09cv149
(Litkovitz, MJ ; Consent Case)

The Dayton Power & Light
dba Stuart Station, et al.,
    Defendants.

## JUDGMENT IN A CIVIL CASE

[X]    **JURY VERDICT**: This action came before the Court for a trial by jury. The issues have been tried and the Jury has rendered its verdict.

[X]    **DECISION BY COURT**: This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED**:

See attached Jury Verdict (Document # 184)

See attached ORDER entered by Magistrate Judge Karen L. Litkovitz (Document 191) dismissing the counterclaim (Document # 46) of defendant Black & Vetach Construction, Inc.

Date: March 2, 2012

James Bonini
Clerk of Court

By:  s/Arthur Hill, deputy clerk

FILED
JAMES BONINI
CLERK

12 FEB 24 PM 4: 54

U.S. DISTRICT COURT
SOUTHERN DIST OHIO
WEST DIV CINCINNATI

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

**John M. Posel**                     **Case No. 09-CV-00149**

    **v.**                                **Magistrate Judge Karen Litkovitz**

**Mid-Atlantic Construction**

## VERDICT FORM

1. Was Defendant Mid-Atlantic negligent?

   \_\_\_\_\_Yes

   ✓\_\_\_\_No

If you answer No to Question 1 then you have reached a verdict in favor of Mid-Atlantic and should proceed to #9 below. If you answer Yes to Question 1 then proceed to answer Question 2.

2. Was Defendant Mid-Atlantic's negligence a proximate cause of any injury to Mr. Posel?

   \_\_\_\_\_Yes

   \_\_\_\_\_No

If you answer No to Question 2 then you have reached a verdict in favor of Mid-Atlantic and should proceed to #9 below. If you answer Yes to Question 2 then proceed to answer Question 3.

3. State an amount of money that will reasonably compensate Mr. Posel for his injuries and damages:

$_____

After answering Question 3, proceed to answer Question 4.

4. Was Dayton Power & Light negligent?

____Yes

____No

If you answer No to Question 4 then skip the next question and proceed to answer Question 6. Otherwise, proceed to answer Question 5.

5. Was Dayton Power & Light's negligence a proximate cause of any injury to Mr. Posel?

____Yes

____No

If you have answered Question 5, then proceed to answer Question 6.

6. Was Black & Veatch negligent?

____Yes

____No

If you answer No to Question 6 then skip the next question and proceed to answer Question 8. Otherwise, proceed to answer Question 7.

7. Was Black & Veatch's negligence a proximate cause of any injury to Mr. Posel?

\_\_\_\_\_Yes

\_\_\_\_\_No

If you have answered Question 7, then proceed to answer Question 8.

8. As to these companies, allocate the percentage of their negligence that was a proximate cause of any injury to Mr. Posel. If a company was not negligent or was not a proximate cause of any injury to Mr. Posel (as indicated by your answers above), then write 0% for that company. The percentages must total 100%.

| | |
|---|---|
| Percentage of negligence of Defendant Mid-Atlantic: | _____% |
| Percentage of negligence of Dayton Power & Light: | _____% |
| Percentage of negligence of Black & Veatch: | _____% |

After answering Question 8, proceed to #9.

2/24/2012

16:00

9. Each member of the jury should sign below to indicate his or her agreement with this unanimous verdict.

s/ Juror 6           s/ Juror 7
s/ Juror # 3         s/ Juror # 2
s/ Juror # 5         s/ Juror # 4
s/ Juror # 8         s/ Juror # 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JOHN M. POSEL,　　　　　　　　　　　　　　Case No. 1:09-cv-149
　　　Plaintiff　　　　　　　　　　　　　　　　　Litkovitz, M.J.

vs

THE DAYTON POWER & LIGHT　　　　　　ORDER
dba STUART STATION, et al,
　　　Defendant

　　　This matter is before the Court on defendant Black & Veatch Corporation's ("Black & Veatch") cross-claims (Doc. 46), which remain pending as to defendants Mid-Atlantic Construction, Inc. ("Mid-Atlantic Construction") and Hartman-Walsh Painting Co. ("Hartman-Walsh") following the trial of this case.[1]

　　　On August 21, 2009, Black & Veatch filed an amended answer and cross-claims seeking indemnification and contribution from several defendants named in this lawsuit in the event Black & Veatch was found to be negligent in this matter. Following the resolution of plaintiff's claims against several of the other defendants, this matter proceeded to trial before a jury on plaintiff's negligence claim against defendant Mid-Atlantic Construction. Black & Veatch filed a notice of cross-claim prior to the start of trial advising the Court that although plaintiff's claims against it had been dismissed on motion of plaintiff (Doc. 164), Black & Veatch's cross-claim against Mid-Atlantic Construction remained pending. (Doc. 177). Black & Veatch requested that its cross-claim against Mid-Atlantic Construction be preserved until the case was adjudicated by the jury.

---

[1] The cross-claim against Hartman-Walsh was partially dismissed on summary judgment. (Doc. 135 at 21-22).

On February 24, 2012, at the conclusion of the trial, the jury returned a verdict in favor of defendant Mid-Atlantic Construction. (Doc. 184). In light of the jury's verdict, defendant Black & Veatch's cross-claims are moot. The cross-claims of defendant Black & Veatch (Doc. 46) are therefore **DISMISSED** as to any remaining cross-defendants.

**IT IS SO ORDERED.**

Date: 3/2/12

Karen L. Litkovitz
United States Magistrate Judge